## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

REATUCE C. BARNES, III,           :

       Plaintiff,             :

vs.                             :         CIVIL ACTION NO.: CV204-181

Officer DANIEL ENGLISH; Officer Ty   :
BROOKS; Sgt. JAMES BUNCH;       :
Captain CURTIS HAND; Officer JOSH  :
PARKS; Officer BEN SIMMONS; Officer  :
CHERYL HARRIS, and Officer MARCUS :
ROBERSON,                     :

       Defendants.           :

## O R D E R

Plaintiff filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions at the Wayne County Detention Center while he was a pre-trial detainee. Defendants filed a Motion for Summary Judgment, and Plaintiff filed a Response. For the following reasons, Defendants' Motion for Summary Judgment is **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff asserts that Defendant English paid other inmates to assault him. Plaintiff also asserts that he was placed in lockdown and denied his right to receive a disciplinary hearing. Plaintiff contends that Defendants Bunch, Hand, Harris, Brooks, Parks, and Simmons were informed or otherwise knew that Defendant English ordered assaults on him and that he was being denied his right to receive disciplinary hearings. Plaintiff alleges that Defendant Roberson confiscated his legal materials as retaliation for having filed the instant cause of action.

AO 72A
(Rev. 8/82)

Defendants generally contend that Plaintiff can offer no evidence to support his allegations that Defendants violated his constitutional rights, and accordingly, his Complaint should be dismissed.

### STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56©; Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by

2

AO 72A
(Rev. 8/82)

showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I.   Plaintiff's Failure to Protect Claims.

Defendants English, Bunch, Hand, Harris, Brooks, Parks, and Simmons aver that there is no evidence to support Plaintiff's claim that Defendant English paid other inmates to assault him. Defendants English, Bunch, Hand, Harris, Brooks, Parks, and Simmons allege that the inmates who assaulted Plaintiff testified during their depositions that Defendant English did not pay them to assault Plaintiff. Rather, these inmates' deposition testimony reveals, Defendants contend, that the altercations between these inmates and Plaintiff were the result of problems these inmates had with Plaintiff. Defendants Bunch, Hand, Harris, Brooks, Parks, and Simmons assert that they did not fail to protect Plaintiff from an excessive risk of harm of which they were aware.

The Eighth Amendment[1] imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth

---

[1] "Claims involving the mistreatment of pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (internal citation and punctuation omitted). However, "decisional law involving prison inmates applies equally to cases involving pretrial detainees." Id. (internal punctuation omitted). Analyzing Plaintiff's claims through the lens of Eighth Amendment case law is appropriate.

3

Amendment." <u>Farmer v. Brennan</u>, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed.2d 811 (1994) (citations omitted). Thus, a prison inmate has a constitutional right to be protected from the threat of violence and from physical assault. <u>See Zatler v. Wainwright</u>, 802 F.2d 397 (11th Cir. 1986). In order to state a section 1983 cause of action against prison officials in this regard, however, a plaintiff must allege at least some degree of conscious or callous indifference on the part of officials. <u>Id.</u> (citing <u>Williams v. Bennett</u>, 689 F.2d 1370, 1380 (11th Cir. 1982)). Only where there is "a strong likelihood, rather than a mere possibility[,]" of a known risk of injury does a correctional officer's failure to act amount to deliberate indifference. <u>Brown v. Hughes</u>, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoting <u>Edwards v. Gilbert</u>, 867 F.2d 1271, 1276 (11th Cir. 1989)).

In support of their Motion for Summary Judgment, Defendants have submitted the transcripts from the depositions of Plaintiff and the three inmates with whom he had altercations. Plaintiff testified that Stanley Fullmore struck him on the back of the head, causing him to become unconscious. Plaintiff stated that Robbie Baker was kicking him in the head repeatedly when he regained consciousness. (Pl.'s Dep., p. 38.) Plaintiff testified that the day before Fullmore and Baker assaulted him, Baker told him that he was "going to learn to have some respect for his cousin, referring to Officer English." (Pl.'s Dep., pp. 43-44.) Plaintiff also testified that Fullmore and Baker did not tell him that they assaulted him based on a request to do so from English, but other inmates told him that English paid Fullmore and Baker with cigarettes to assault him. (Pl.'s Dep., pp. 44-45.) Plaintiff stated that, although he could not hear what was being said, he saw David Cruz and English speaking in Cruz's cell before Cruz assaulted him. (Pl.'s Dep., pp. 46-47.) However, Plaintiff testified that another inmate, Herman McKenzie, overheard English tell

4

Cruz that he would pay him a certain number of packs of cigarettes to assault Plaintiff. (Pl.'s Dep., p. 49.) Plaintiff also testified that Defendants Brooks, Bunch, Hand, Parks, Simmons, and Harris had no knowledge before these assaults that English supposedly ordered these inmates to assault Plaintiff. (Pl.'s Dep., pp. 30-32.)

Fullmore testified that English never directed or paid him to fight Plaintiff. Fullmore also testified that about two (2) weeks after he and Plaintiff had a fight, he heard about allegedly being paid by English to assault Plaintiff. (Fullmore Dep., pp. 6-7; 11.) Fullmore stated that he did not get along with English. Fullmore also stated that he got into the fight with Plaintiff because Plaintiff was "nagging" him. (Fullmore Dep., p. 7.) Fullmore denied that English paid him to assault Plaintiff when Officer Joe Naia interviewed him about this incident. (Ex. D-1 attached to Fullmore Dep.)

Baker similarly testified that English did not give him anything or direct him to attack Plaintiff. (Baker Dep., pp. 5-6;12.) Baker testified that he and Plaintiff were playing cards when Plaintiff said something about Baker's family, and that is the reason he kicked Plaintiff. (Baker Dep., p. 6.) Baker declared that no one asked him to assault Plaintiff and that the assault was "brought on from myself." (Id.) Baker provided a statement soon after this incident in which he stated that he fought Plaintiff because he was "running his mouth", not because anyone asked him to assault Plaintiff. (Ex. D-2 attached to Baker Dep.)

Finally, Cruz testified that English did not ask him to fight, attack, or have any kind of altercation with Plaintiff. Cruz also testified that he was not paid or given anything at all to fight Plaintiff. (Cruz Dep., p. 6; 11-12.) Cruz stated that he and Plaintiff were playing chess, and Cruz was winning the game; Cruz declared that Plaintiff "kept popping his mouth", and they started fighting as a result. (Cruz Dep., p. 6.) Cruz provided a statement

5

after this incident, and he stated that the only reason he and Plaintiff started fighting was because Plaintiff was "talking trash." (Ex. D-2 attached to Cruz Dep.)

Fullmore, Baker, and Cruz all testified under oath during their depositions that Defendant English did not direct or pay them to assault Plaintiff. Rather, Fullmore, Baker, and Cruz testified that they had altercations with Plaintiff due to problems they had with him. Plaintiff also testified that he did not have any personal knowledge that Defendant English paid these inmates to have altercations with Plaintiff. Plaintiff's testimony reveals that other inmates told him that Defendant English allegedly paid Fullmore, Baker, and Cruz to assault him. This testimony is hearsay, which is insufficient evidence with which to discharge his burden on Defendants' Motion for Summary Judgment. There is no genuine issue of material fact as to whether Defendant English paid Fullmore, Baker, and Cruz to assault Plaintiff. Likewise, there is no genuine issue of material fact as to whether Defendants Bunch, Hand, Harris, Brooks, Parks, and Simmons were aware of a threat to Plaintiff's safety and disregarded that risk. Defendants English, Bunch, Hand, Harris, Brooks, Parks, and Simmons are entitled to summary judgment on this ground.

## II.    Plaintiff's Due Process Claim.

An inmate states a cognizable claim for the deprivation of his procedural due process rights under the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process. Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994). Constitutionally adequate process requires compliance with the minimum due process protections accorded to an inmate in prison disciplinary proceedings: (1) the right to receive written notice of the charges against him at least 24 hours before his hearing; (2)

6

the right to call witnesses and present documentary evidence, where doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) the right to receive a written statement setting forth the disciplinary committee's findings of fact. Wolff v. McDonnell, 418 U.S. 539, 563-66, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935, 955-57 (1974). "The Supreme Court has made it clear that the Due Process Clause does not directly protect an inmate from changes in the conditions of his confinement, as long as the condition to which the prisoner is subjected is not otherwise violative of the Constitution or outside the sentence imposed upon him." Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (internal citation omitted). "Nor does the Due Process Clause itself create an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters." Id.

Defendants contend that Plaintiff cannot demonstrate the existence of a liberty interest which is protected by due process safeguards. Plaintiff has failed to create a genuine issue of material fact as to whether he had a liberty interest in staying in the general population of the detention center, as opposed to being placed in isolation. Without evidence of a liberty interest, it is unnecessary to address the disciplinary hearing proceedings. See Cryder, 24 F.3d at 177. Accordingly, Defendants are entitled to summary judgment on this ground.

## III.     Plaintiff's Claims that Defendant Roberson Retaliated Against Him and Denied him Access to the Courts.

Defendant Marcus Roberson alleges that Plaintiff admitted that he did not take Plaintiff's legal paperwork; thus, Plaintiff cannot establish that Defendant Roberson retaliated against him due to Plaintiff having filed the instant lawsuit. Defendant Roberson

7

also alleges that, even if he had taken Plaintiff's legal paperwork, Plaintiff's claim would still fail because Plaintiff did not sustain an "actual injury" within the meaning of his access to the courts claim.  (Br. in Supp. of Mot. for Summ. J., p. 13.)

### A.    Retaliation Claim.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted).  Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id.  A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of his having filed a [lawsuit] concerning the conditions of his imprisonment." Id.

During his deposition, Plaintiff stated that Marcus Roberson, a named Defendant in his lawsuit, did not take any legal documents away from him. (Pl.'s Dep., p. 10.) Plaintiff testified that Marcus Roberson "chain[ed him] up the next day after the other Roberson took my paperwork from me." (Id.)  In fact, Plaintiff also testified that Marcus Roberson was the person who gave his paperwork back to him. (Pl.'s Dep., p. 22.)

Plaintiff's deposition testimony belies his allegation that Defendant Marcus Roberson confiscated his paperwork as retaliation for Plaintiff having filed the instant lawsuit.  There is no genuine issue of material fact as to whether Defendant Roberson took any action against Plaintiff which was retaliatory in nature.  Defendant Roberson is entitled to summary judgment on this ground.

8

**B.    Access to Courts Claim.**

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12, 122 S. Ct. 2179, 153 L. Ed.2d 413 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822, 97 S. Ct. 1491, 1495, 52 L. Ed.2d 72 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822, 97 S. Ct. at 1495. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343, 355, 116 S. Ct. 2174, 2182, 135 L. Ed2d 606 (1996). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415, 122 S. Ct. at 2186-87.

Plaintiff testified that the paperwork he alleges was taken from him concerned a domestic dispute between him and his parents. Plaintiff testified that his mother and father were trying to obtain custody of his son. (Pl.'s Dep., p. 20.) Plaintiff also testified that he

9

was able to send the paperwork to the court hearing this domestic dispute case, even though the paperwork was sent out about a week or so late.  (Pl.'s Dep., p. 23.)

Plaintiff was not collaterally challenging a conviction or sentence, nor was he pursuing a conditions of confinement case.  His pursuit of a lawsuit was not that contemplated by our access to the courts jurisprudence.  In addition, even if this domestic dispute case were the type of case protected by case law, Plaintiff has failed to show that he was hindered in his ability to pursue his case.  There is no genuine issue of material fact as to whether Defendant Roberson denied Plaintiff access to the courts.  Defendant Roberson is entitled to summary judgment on this ground.

It is unnecessary to address the remaining grounds of Defendants' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment (Doc. No. 35) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**.  The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 27th day of March, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

10

AO 72A
(Rev. 8/82)